|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |

| | | |
|---|---|---|
| ERVIN MIDDLETON, | ) | Case No. 2:16-cv-01657-RFB-CWH |
| Plaintiff, | ) | |
| v. | ) | |
| CARRINGTON MORTGAGE HOLDINGS, LLC, et al., | ) | **ORDER** |
| Defendants. | ) | |

Presently before the Court is pro se Plaintiff Ervin Middleton's motion to provide proof of agency (ECF No. 62), filed on July 14, 2018. Defendants filed a response (ECF No. 62) on July 28, 2017. Plaintiff did not file a reply.

Also before the Court is Plaintiff's motion to strike (ECF No. 66), filed on August 7, 2017. Defendant Carrington Mortgage Services, LLC filed a response (ECF No. 67) on August 18, 2017, and Defendants ALG Trustee, LLC, Atlantic Law Group, LLC, and Linda Orlans filed a separate response (ECF No. 68) on August 21, 2017. Plaintiff did not file a reply.

**I.  Motion to Provide Proof of Agency**

Plaintiff's motion to provide proof of agency is combined with his response to Defendants' pending motions to dismiss. The Court will consider the motion to dismiss at a later time, at this point, only the motion to provide agency is under consideration.

As a preliminary matter, the Court notes that, although claims made by pro se plaintiffs are to be construed liberally, they are still bound by the federal rules of procedure. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Here, Plaintiff moves the Court to order Defendants to provide "proof of agency," alleging that counsel for Defendants are "Foreign Agents" acting for a "Foreign State." However, Plaintiff does not provide any authority for this Court to issue such an order. Plaintiff does cite to a California Supreme Court case (*Hilyar v. Union Ice Co.*, 45 Cal. 2d 30 (1955)), but that case is not a binding authority for this Court. In any event, it is unclear what support *Hilyar* was meant to provide to Plaintiff's motion, or how it is relevant at all to the facts of this case. Under Local Rule 7-

2(d), the failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion. The Court will therefore deny Plaintiff's motion for proof of agency.

**II.     Motion to Strike**

Plaintiff's document entitled "Affidavit In Support Of Striking Pleadings of Defendants" requests an order from the Court to "strike the pleadings of Defendants." Based on a review of Plaintiff's document, it appears that he is referring to Defendants' response to Plaintiff's motion to provide proof of agency. The Court will therefore construe Plaintiff's document as a motion to strike Defendants response (ECF No. 63).

Under Federal Rule of Civil Procedure 12(f), the Court may strike pleadings that are redundant, immaterial, impertinent, or scandalous. Plaintiff's motion alleges that Defendants' response is scandalous and impertinent, but does not specify what aspects of the response are flawed. Instead, Plaintiff discusses allegations against Defendants themselves, which are not pertinent to Defendants' response. Plaintiff only briefly addresses the substance of Defendants' response, arguing that based on *Hilyar v. Union Ice Co.*, Defendants' claim that they do not have to provide proof of agency is "absolutely ludicrous and should be struck for that reason alone[.]" Again, the Court does not find that the *Hilyar* case is binding, or even applicable, to the facts of this case. The Court will therefore deny the motion to strike.

IT IS THEREFORE ORDERED that Plaintiff's motion to provide proof of agency (ECF No. 62) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion to strike (ECF No. 66) is DENIED.

DATED: March 1, 2018

_____
C.W. Hoffman, Jr.
United States Magistrate Judge